## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**LH LONGWOOD, LLC**,
an Illinois Limited Liability Company,
**JENNIFER FOOR STEPHEN**, an Individual,
**JOHNATHON SCOTT STEPHEN**, an Individual,
and **SARAH MARIE STEPHEN**, an Individual,

*Plaintiffs*,

v.

**SHOREWOOD HILLS HOMEOWNERS ASSOCIATION**,
a Michigan Nonprofit Corporation,

*Defendant*.

Case No. 1:19-cv-00823

Hon.

Kevin M. Hirzel (P70369)
**Hirzel Law, PLC**
*Attorneys for Plaintiffs*
37085 Grand River Ave., Suite 200
Farmington, MI 48335
(248) 478-1800
kevin@hirzellaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, LH Longwood, LLC, Jennifer Foor Stephen, Johnathon Scott Stephen, and Sarah Marie Stephen, by and through their counsel, HIRZEL LAW, PLC, and for their Complaint against Shorewood Hills Homeowners Association state as follows:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action for the claim brought pursuant to the Federal Fair Housing Act of 1968 as

amended, 42 U.S.C. §§ 3601 et seq.

2.      Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the claim brought pursuant to Michigan's Elliott-Larsen Civil Rights Act, MCL §§ 37.2101 et seq., as such claim is so related to claim in the action within such original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant, Shorewood Hills Homeowners Association, resides in and is domiciled in the Western District of Michigan. Accordingly, Defendant, Shorewood Hills Homeowners Association, is subject to personal jurisdiction in the Western District of Michigan.

4.      Venue is further proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred and continue to occur in this district.

### THE PARTIES

5.      Plaintiff, LH Longwood, LLC (hereafter "Longwood"), is an Illinois Limited Liability Company conducting business in the Township of Chikaming, Berrien County, Michigan.

6.      Plaintiff, Jennifer Foor Stephen, is an individual of the Jewish faith who resides, from time to time, in the Township of Chikaming, Berrien County, Michigan,

and has been discriminated against based on her religious beliefs.

7.     Plaintiff, Johnathon Scott Stephen, is a minor individual of the Jewish faith who resides, from time to time, in the Township of Chikaming, Berrien County, Michigan, and has been discriminated against based on his religious beliefs.

8.     Plaintiff, Sarah Marie Stephen, is a minor individual of the Jewish faith who resides, from time to time, in the Township of Chikaming, Berrien County, Michigan, and has been discriminated against based on her religious beliefs.

9.     Plaintiffs Jennifer Foor Stephen, Johnathon Scott Stephen, and Sarah Marie Stephen (hereafter collectively the "Stephens") are each relatives of members of Longwood and, from time to time, reside in, and occupy as a dwelling, the real property owned by Longwood located in the Township of Chikaming, Berrien County, Michigan.

10.     Defendant, Shorewood Hills Homeowners Association (hereafter the "Association"), is a Michigan Nonprofit Corporation conducting business in the Township of Chikaming, Berrien County, Michigan, maintains its principal place of business in the Township of Chikaming, Berrien County, Michigan, and regularly and systematically conducts business in this district.

## GENERAL ALLEGATIONS

11.     Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

12.     The Association administers the affairs of a residential community called "Shorewood Hills", which is comprised of three different platted subdivisions being: Bethany Hills No. 1 Subdivision, Bethany Hills No. 2 Subdivision, and Bethany Hills No. 3 Subdivision (collectively referred to as the "Shorewood Hills Community").

13.     Longwood is the owner of real property legally described as Lot 3 of Block 32 in Bethany Hills #3 Subdivision located at 672 Longwood Drive, Sawyer, MI 49125 (the "Lot") which is part of the Shorewood Hills Community (**Ex. 2: Warranty Deed**).

14.     A residence, which constitutes a dwelling under 42 U.S.C. §3602(b), is located on the Lot.

15.     Upon information and belief, the Association purports to own some of the common area beaches and recreational facilities located within the Shorewood Hills Community.

16.     Longwood is, and has at all times relevant to this Complaint been, a member of the Association.

## THE ASSOCIATION'S GOVERNING DOCUMENTS ARE ILLEGAL AS THEY DISCRIMINATE ON THE BASIS OF RELIGION AND RACE

17.     The Association was formed as a Michigan nonprofit corporation on November 7, 1950 pursuant to the filing of its Articles of Incorporation (**Ex. 1: Articles of Incorporation**).

18.     The Association is subject to the Michigan Nonprofit Corporation Act, being MCL 451.2101 *et seq.* (**Ex. 1**).

19.     Under MCL 450.2202 of the Michigan Nonprofit Corporation Act:

The articles of incorporation shall contain all of the following:
…

(b) The purposes for which the corporation is formed. It is not sufficient to state substantially that the corporation may engage in any activity within the purposes for which a corporation may be formed under this act. …

20.     Pursuant to Article II of the Association's Articles of Incorporation: "The purpose or purposes of this corporation are as follows: To enjoy fellowship together as **Christian neighbors** and to maintain, protect, improve and benefit real and personal property of the Club." (Emphasis added) (**Ex. 1**).

21.     The Association amended its Articles of Incorporation on July 20, 2000, to make the term of the corporation "perpetual", but it did not remove the religious preference of enjoying fellowship as "Christian neighbors" from the Articles of Incorporation (**Ex. 1**).

22.     The Association amended its Articles of Incorporation on February 16, 2015 to change the Association's name from the "Shorewood Hills Country Club" to "Shorewood Hills Homeowners Association", but it did not remove the religious preference of enjoying fellowship as "Christian neighbors" from the Articles of Incorporation (**Ex. 1**).

23.     The Association is responsible for making the Articles of Incorporation, and any amendments to the same, and has caused them to be continually published with the State of Michigan at https://www.michigan.gov/lara/.

24.     On or about August 10, 1990, the Association recorded the "Shorewood Hills Country Club Constitution" against all real property within the Shorewood Hills Community, including the Longwood Lot (**Ex. 3: Shorewood Hills Country Club Constitution**).

25.     The Association was responsible for making the Sherwood Hills Country Club Constitution and causing it to be continually published in the Berrien County Register of Deeds.

26.     The Shorewood Hills Country Club Constitution states in pertinent part:

Article II
Purpose

The purpose of the Club shall be to enjoy fellowship as **Christian neighbors** and to maintain, protect, improve and beautify the area known as Shorewood Hills Country Club, Sawyer, Michigan, 45125, more particularly described as Bethany Hills Subdivision Unit Number 1, Unit Number 2 and Unit Number 3 in Chikaming and Lake Townships, Berrien County, Michigan. (Emphasis added).

Article III
Membership

Membership in the club shall be restricted to owners of real estate located in the Shorewood Hills Country Club….

(**Ex. 3**).

27.     Upon information and belief, the Association has never recorded any document with the Berrien County Register of Deeds amending or removing the above religious preferences contained in the Shorewood Hills Country Club Constitution and has continued to cause these religious preferences to be published (**Ex. 3**).

28.     Upon information and belief, one or more conveyancing instruments to the common areas and recreational facilities within the Shorewood Hills Community contain the following restrictions, "That no lot or lots in said subdivision shall be sold, leased to, used or occupied by any person or persons, other than **Caucasian Gentiles of Protestant faith**" (Emphasis added) (**Ex. 4: Indenture**).

29.     Upon information and belief, the Association was responsible for making the warranty deed attached as **Exhibit 4** and causing it to be continually published in the Berrien County Register of Deeds.

30.     Upon information and belief, the Association has never recorded any document with the Berrien County Register of Deeds amending or removing the above religious restrictions contained in the attached deed and has continued to cause these religious restrictions to be published (**Ex. 4**).

31.     Several relatives of members of Longwood, including the Stephens, are Jewish and reside in, and occupy as a dwelling, the Lot and use the common areas from time to time.

32.    The Plaintiffs are being discriminated against by the Association based, in part, on the Association's failure and/or refusal to amend and/or remove the religious and racial restrictions contained in the governing documents that provide preference to Christians, Gentiles and Protestants over members of any other race or religion, including members of the Jewish faith (**Ex. 1 and Exs. 3-4**).

33.    Plaintiffs cannot be required to enjoy fellowship as Christian neighbors or otherwise adopt Christian principles in conjunction with their use and occupancy of the Lot, common areas, or their membership in the Association as they are Jewish.

34.    Alternatively, the Association is attempting to force the individual Plaintiffs to become members of the Association as it has claimed that Longwood, as a Limited Liability Company, cannot be a member of the Association.

35.    The Association issued a policy statement in September of 2017, which remains in effect, and provides in pertinent part:

> Shorewood Hills Homeowners Association (SHHA) is a non-profit entity charted by the State if Michigan in the 1920's. … It is constitutionally governed by a very pro-active Homeowners Association and its Board of Directors, which include officers and committee chairpersons….

> Please be aware that you, either as a SHHA owner member attempting to sell his/her property; or you, as a potential buyer of said property within our boundaries; or you; as a realtor offering member's properties for sale; that each of you has a mutual obligation to transfer proper respect for and responsible membership in Shorewood Hills Homeowners Association.

In other words, **buying a house** here also means **buying into the Association** and implicit observance of its by-laws, ordinances, and methods of operation…. (Emphasis in Original).

Shorewood Hills is something very, very special.  Here there are multi-generational friendships between families, some extending back to our origins in the 1920's.  We have a trust sense of community that is valued. (**Exhibit 5: Policy Statement**).

36.     On or about April 22, 2019, the Association, through its President, Donna Morgan, sent out a document to the members of the Association entitled, "Memorandum for Members of Shorewood Hills Homeowners Association Regarding Rental Policy" (hereafter the "Memorandum")  (**Ex. 6: Memorandum**).

37.     Page 3 of the Memorandum states that "...membership is limited to individuals and trusts for individuals and does not include limited liability companies or other business entities…." (**Ex. 6**).

38.     Page 5 of the Memorandum states in pertinent part, "…property owners who are LLCs must change their form of ownership…to be a member of the Association." (**Ex. 6**).

39.     The Association cannot compel Longwood, individual members of Longwood, or any of the other Plaintiffs become members and maintain membership in the Association when the Association's governing documents provide preference to Christians, Gentiles and Protestants over members of any other race or religion, including members that are Jewish (**Ex. 1 and Exs. 3-6**).

<u>COUNT I</u>
<u>VIOLATION OF FEDERAL FAIR HOUSING ACT, 42 U.S.C. §§ 3601 ET SEQ.</u>

40.     Longwood and the Stephens incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

41.     Longwood and the Stephens bring this claim pursuant to the Federal Fair Housing Act of 1968 as amended, 42 U.S.C. §§ 3601 et seq.

42.     The Stephens are Jewish.

43.     Longwood holds and perpetuates religious values and beliefs related to Judaism that are protected and recognized under the United States Supreme Court's ruling in *Burwell v Hobby Lobby Stores, Inc*, 573 US 682; 134 S Ct 2751; 189 L Ed 2d 675 (2014).

44.     The members of Longwood and the Stephens occupy a residence on the Lot in the Shorewood Hills Community from time to time.

45.     Longwood and the Stephens both constitute aggrieved persons under 42 U.S.C. 3602(i) and 42 U.S.C. 3613(a).

46.     42 U.S.C. § 3604 makes it unlawful to:

…
(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

(c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination

based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

(d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.…

47.    24 C.F.R. § 100.75 provides in part:

(a) It shall be unlawful to make, print or publish, or cause to be made, printed or published, any notice, statement or advertisement with respect to the sale or rental of a dwelling which indicates any preference, limitation or discrimination because of race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation or discrimination.
…
(c) Discriminatory notices, statements and advertisements include, but are not limited to:

> (1) Using words, phrases, photographs, illustrations, symbols or forms which convey that dwellings are available or not available to a particular group of persons because of race, color, religion, sex, handicap, familial status, or national origin.…

48.    The Association has discriminated against Longwood and the Stephens by adopting governing documents and policies, which include, but are not limited to, the Articles of Incorporation, Shorewood Hills Constitution, and deed(s) to many of the common area beaches and recreational facilities, that provide preference in the provision of services offered in the common areas of the Association to Christians, Gentiles and Protestants, over members that are Jewish (**Ex. 1 and Exs. 3-4**).

49.     The Association has discriminated against Longwood and the Stephens as it has made, printed, or published, or caused to be made, printed or published, notices, statements or advertisements, with respect to the sale or rental of dwellings and common areas within the Shorewood Hills Community that indicate preference, limitation, and/or discrimination based on race and religion, specifically preference of Christians, Gentiles and Protestants, over members that are Jewish.  (**Ex. 1 and Exs. 3-4**).

50.     The Association has discriminated against Longwood and the Stephens as it has represented, in its governing documents, deeds and policies, that because of race or religion, dwellings and common areas within the Shorewood Hills Community are not available for sale, rental, or use when such areas are in fact so available.  (**Ex. 1 and Exs. 3-4**).

51.     As a result of the Association's discrimination against Longwood, Longwood and the Stephens have suffered loss in the value of the Lot, exclusion from decision-making and participation in the Association and matters that affect the value of and enjoyment of the home, emotional distress from the humiliation, dignitary harm, and other suffering caused by the above-described racial/religious discrimination.

52.     Notwithstanding that the Association amended its Articles of Incorporation in 2000 and 2015, it did not remove the religious preference for

"Christianity" from its Articles of Incorporation.

53.     Notwithstanding the fact that the Association's governing documents conflict with the Plaintiffs' religious beliefs, the Association has also sought to compel individual members of Longwood and/or their relatives to join as members of the Association.

54.     Longwood and the Stephens have been injured and believe that they will be injured in the future by the Association's discriminatory conduct and housing practices which are about to occur through the Association's attempts to force them to individually become members of the Association.

55.     The Association's disparate treatment of Longwood and the Stephens is unlawful discrimination in violation of 42 U.S.C. § 3604.

56.     42 U.S.C. § 3613 permits Longwood and the Stephens to prosecute a civil action against the Association for the above-described discriminatory housing practices and allows this Court to grant as relief, any permanent or temporary injunction, temporary restraining order, or other order as may be appropriate.

57.     42 U.S.C. § 3613 further allows this Court to award Longwood and the Stephens actual and punitive damages as well as reasonable attorney's fee and costs.

**WHEREFORE**, Plaintiffs, LH Longwood, LLC, Jennifer Foor Stephen, Johnathon Scott Stephen, and Sarah Marie Stephen, respectfully request this Honorable Court order the following relief:

A. Enter an order declaring that the discriminatory housing practices of the Association, as set forth above, violate the Federal Fair Housing Act of 1968 as amended, 42 U.S.C. §§ 3601 et seq., and its implementing regulations;

B. Enter an order invalidating the portions of Article II of the Association's Articles of Incorporation that contain a religious preference in violation of the Fair Housing Act;

C. Order the Association to hold a vote to remove the discriminatory provisions from the Articles of Incorporation and order the Association to submit amended Articles of Incorporation and/or an Order from this Court to any state agencies, including, but not limited to, the Michigan Department of Licensing and Regulatory Affairs, to invalidate any provisions of the Articles of Incorporation that violate the Fair Housing Act;

D. Enter an order invalidating the portions of Article II of the Shorewood Hills Country Club Constitution which contain a religious preference in violation of the Fair Housing Act and Order the Association to record any such Order in the Berrien County Register of Deeds;

E. Enter an order invalidating the portions of any and all conveyancing instruments to the common areas and recreational facilities within the Shorewood Hills Community which contain restrictions prohibiting the use of said areas to anyone "other than Caucasian Gentiles of Protestant faith" in violation of the Fair Housing Act and Order the Association record any such Order in the Berrien County Register of Deeds;

F. Enter an order that enjoins the Association, its agents, employees, and successors, and all other persons in active concert or participation with the Association, from discriminating against any person in any aspect of the sale or rental of a dwelling in violation of the Federal Fair Housing Act, specifically on the basis of race and/or religion, pursuant to 42 U.S.C. § 3613(c)(1);

G. Enter a monetary judgment in favor of Longwood and the Stephens and against the Association pursuant to 42 U.S.C. § 3613(c)(1) as

will fully compensate Longwood and the Stephens for actual damages caused the Association's discriminatory conduct;

H. Enter a monetary judgment in favor of Longwood and the Stephens and against the Association pursuant to 42 U.S.C. § 3613(c)(1) as punitive damages;

I. Award Longwood and the Stephens their costs and attorneys' fees incurred in prosecuting this action pursuant to 42 U.S.C. § 3613(c)(2), and any other applicable laws;

J. Enter an order that requires the Association and its agents and employees to attend, at the Association's expense, training that addresses the Fair Housing Act's prohibitions against religious and/or racial discrimination; and

K. Award such further relief that this Court deems just and equitable.

## COUNT II
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL §§ 37.2101 ET SEQ.

58.   Longwood and the Stephens incorporate by reference all paragraphs of this Complaint as though fully set forth herein.

59.   Longwood and the Stephens bring this claim pursuant to Michigan's Elliott-Larsen Civil Rights Act, MCL §§ 37.2101 et seq. (hereafter the "ELCRA").

60.   The Stephens are Jewish.

61.   Longwood holds and perpetuates religious values and beliefs related to Judaism that are protected and recognized under the United States Supreme Court's ruling in *Burwell v Hobby Lobby Stores, Inc*, 573 US 682; 134 S Ct 2751; 189 L Ed 2d 675 (2014).

62.     The members of Longwood and the Stephens occupy a residence on the Lot in the Shorewood Hills Community from time to time.

63.     The Association is a person covered by the ELCRA.

64.     The Shorewood Hills Community is a considered a "Place of public accommodation" pursuant to MCL 37.2301 of the ELCRA as it holds its membership open to members of the public that purchase lots in Shorewood Hills Community and permits members of the general public to lease or rent lots in the Shorewood Hills Community (**Ex. 5 & 6**).

65.     The Association engages in transactions related to real estate as defined by the ELCRA.

66.     MCL 37.2302 makes it unlawful to:

(a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status.

(b) Print, circulate, post, mail, or otherwise cause to be published a statement, advertisement, notice, or sign which indicates that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service will be refused, withheld from, or denied an individual because of religion, race, color, national origin, age, sex, or marital status, or that an individual's patronage of or presence at a place of public accommodation is objectionable, unwelcome, unacceptable, or undesirable because of religion, race, color, national origin, age, sex, or marital status.

67.     MCL 37.2502(f) makes it unlawful to:

Make, print, circulate, post, mail, or otherwise cause to be made or published a statement, advertisement, notice, or sign, or use a form of application for a real estate transaction, or make a record of inquiry in connection with a prospective real estate transaction, which indicates, directly or indirectly, an intent to make a preference, limitation, specification, or discrimination with respect to the real estate transaction.

68.     MCL 37.2505 provides as follows:

(1)     A condition, restriction, or prohibition, including a right of entry or possibility of reverter, that directly or indirectly limits the use or occupancy of real property on the basis of religion, race, color, national origin, age, sex, familial status, or marital status is void, except a limitation of use as provided in section 503(1)(c) or on the basis of religion relating to real property held by a religious institution or organization, or by a religious or charitable organization operated, supervised, or controlled by a religious institution or organization, and used for religious or charitable purposes.

(2)     A person shall not insert in a written instrument relating to real property a provision that is void under this section or honor such a provision in the chain of title.

69.     The Association has discriminated against Longwood and the Stephens in violation of the ELCRA by adopting governing documents and policies, which include, but are not limited to, the Articles of Incorporation, Shorewood Hills Constitution, and deed(s) to many of the common area beaches and recreational facilities, that deny Jewish members with the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service.  (**Ex. 1 and Exs. 3-4**).

70.     The Association has discriminated against Longwood and the Stephens in violation of the ELCRA as it has printed, circulated, posted published, or otherwise caused to be made, printed or published, notices, statements that indicate that Jewish members will not receive full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Association and that that Plaintiff's patronage of or presence of the common areas of the Association is objectionable, unwelcome, unacceptable, or undesirable because the Plaintiffs are Jewish and not Christian, Gentile or Protestant. (**Ex. 1 and Exs. 3-4**).

71.     The Association has discriminated against Longwood and the Stephens in violation of the ELCRA as it has printed, circulated, posted published, or otherwise caused to be made, printed or published, notices, statements that indicates, directly or indirectly, an intent to make a preference, limitation, specification, or discrimination with respect to membership in the Association as the Plaintiffs are Jewish and not Christian, Gentile or Protestant. (**Ex. 1 and Exs. 3-4**).

72.     The Association has discriminated against Longwood and the Stephens and violated the ELCRA as it has included conditions, restrictions or prohibitions in written instruments relating to real property that directly or indirectly limit the use or occupancy of real property in the Shorewood Hills Community and/or membership in the Association to those that are Christian, Gentile or Protestant. (**Ex. 1 and Exs. 3-4**).

73.     As a result of the Association's discrimination against Longwood, Longwood and the Stephens have suffered loss in the value of the Lot, exclusion from decision-making and participation in the Association and matters that affect the value of and enjoyment of the home, emotional distress from the humiliation, dignitary harm, and other suffering caused by the above-described racial/religious discrimination.

74.     Notwithstanding the fact that the Association's governing documents conflict with the Plaintiffs' religious beliefs, the Association has also sought to compel individual members of Longwood and/or their relatives to join as members of the Association (**Exs. 5-6**).

75.     Longwood and the Stephens have been injured and believe that they will be injured in the future by the Association's discriminatory conduct and housing practices which are about to occur through the Association's attempts to force them to individually become members of the Association (**Exs. 5-6**).

76.     The Association's disparate treatment of Longwood and the Stephens is unlawful discrimination in violation of the ELCRA.

77.     MCL 37.2801 permits Longwood and the Stephens to prosecute a civil action against the Association for the above-described discriminatory housing practices and allows this Court to grant injunctive relief and monetary damages.

78.    MCL 37.2801 and MCL 37.2802 further allow this Court to award Longwood and the Stephens their reasonable attorney's fee and costs incurred in prosecuting this action.

**WHEREFORE**, Plaintiffs, LH Longwood, LLC, Jennifer Foor Stephen, Johnathon Scott Stephen, and Sarah Marie Stephen, respectfully request this Honorable Court order the following relief:

A.  Enter an order declaring that the discriminatory housing practices of the Association, as set forth above, violate Michigan's Elliott-Larsen Civil Rights Act, MCL §§ 37.2101 et seq.;

B.  Enter an order invalidating the portions of Article II of the Association's Articles of Incorporation which contain a religious preference in violation of Michigan's Elliott-Larsen Civil Rights Act;

C.  Order the Association to hold a vote to remove the discriminatory provisions from the Articles of Incorporation and order the Association to submit amended Articles of Incorporation and/or an Order from this Court to any state agencies, including, but not limited to, the Michigan Department of Licensing and Regulatory Affairs, to invalidate any provisions of the Articles of Incorporation that violate Michigan's Elliott-Larsen Civil Rights Act;

D.  Enter an order invalidating the portions of Article II of the Shorewood Hills Country Club Constitution which contain a religious restriction in violation of Michigan's Elliott-Larsen Civil Rights Act and Order the Association to record any such Order in the Berrien County Register of Deeds;

E.  Enter an order invalidating the portions of any and all conveyancing instruments to the common areas and recreational facilities within the Shorewood Hills Community which contain restrictions prohibiting the use of said areas to anyone "other than Caucasian Gentiles of Protestant faith" in violation of Michigan's Elliott-

Larsen Civil Rights Act and Order the Association record any such Order in the Berrien County Register of Deeds;

F.  Enter an order that enjoins the Association, its agents, employees, and successors, and all other persons in active concert or participation with the Association, from discriminating against any person in any aspect of the sale or rental of a dwelling in violation of Michigan's Elliott-Larsen Civil Rights Act, specifically on the basis of race and/or religion, pursuant to MCL 37.2801;

G.  Enter a monetary judgment in favor of Longwood and the Stephens and against the Association pursuant to MCL 37.2801 as will fully compensate Longwood and the Stephens for actual damages caused the Association's discriminatory conduct;

H.  Award Longwood and the Stephens their costs and attorneys' fees incurred in prosecuting this action pursuant to MCL 37.2801, MCL 37.2802 and any other applicable law;

I.  Enter an order that requires the Association and its agents and employees to attend, at the Association's expense, training that addresses Michigan's Elliott-Larsen Civil Rights Act's prohibitions against religious and/or racial discrimination; and

J.  Award such further relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ Kevin M. Hirzel*
Kevin M. Hirzel (P70369)
**Hirzel Law, PLC**
*Attorneys for Plaintiffs*
37085 Grand River Avenue, Suite 200
Farmington, MI 48335
(248) 478-1800
Dated: October 9, 2019                 kevin@hirzellaw.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**LH LONGWOOD, LLC**,
an Illinois Limited Liability Company,
**JENNIFER FOOR STEPHEN**, an Individual,
**JOHNATHON SCOTT STEPHEN**, an Individual,
and **SARAH MARIE STEPHEN**, an Individual,

Case No. 1:19-cv-00823

*Plaintiffs*,                    Hon.

v.

**SHOREWOOD HILLS HOMEOWNERS ASSOCIATION**,
a Michigan Nonprofit Corporation,

*Defendant*.

Kevin M. Hirzel (P70369)
**Hirzel Law, PLC**
*Attorneys for Plaintiffs*
37085 Grand River Ave., Suite 200
Farmington, MI 48335
(248) 478-1800
kevin@hirzellaw.com

## JURY DEMAND

Plaintiffs, by and through their attorneys, demand a trial by jury on all issues

so triable by a jury in this matter.

Respectfully submitted,

*/s/ Kevin M. Hirzel*
Kevin M. Hirzel (P70369)
**Hirzel Law, PLC**
*Attorneys for Plaintiffs*
37085 Grand River Avenue, Suite 200
Farmington, MI 48335
(248) 478-1800
Dated: October 9, 2019                    kevin@hirzellaw.com

22